IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ALLIED WORLD INSURANCE
COMPANY, a New Hampshire
Corporation                                                                                                PLAINTIFF

v.                                            Case No. 4:17-cv-00835-KGB

CMM MECHANICAL, LLC, an Arkansas

Limited Liability Company; CARY
PARKS, an individual; SUSAN PARKS, an
individual; MICHAEL S. BROOKS, an
individual; THE ESTATE OF ROBERT A.
HALL, a probate estate in Pulaski County,
Arkansas, BRANDON J. LAR, an
individual, and FIRST SECURITY BANK                                            DEFENDANTS

**ORDER**

Before the Court is plaintiff Allied World Insurance Company's ("Allied World") motion for default judgment against remaining defendants CCM Mechanical, LLC ("CCM Mechanical"), and Susan Parks (Dkt. No. 114). Neither CCM Mechanical nor Susan Parks has appeared in this action or responded to Allied World's motion. For the reasons set forth below, the Court grants Allied World's motion for default judgment and enters default judgment in favor of Allied World as to Count I of the operative complaint; the Court dismisses without prejudice Allied World's remaining claims as to CCM Mechanical and Susan Parks.

I.`     **Factual And Procedural Background**

On December 15, 2017, Allied World initiated this action against defendants Michael Brooks, CCM Mechanical, Cary Parks, Susan Parks, and the Estate of Robert A. Hall, alleging that defendants failed to complete a bonded construction project and failed to pay its subcontractors and suppliers (Dkt. No. 1). Allied World asserted causes of action for breach of

indemnity agreement, common law indemnity/reimbursement, exoneration, *quia timet*, and specific performance (Dkt. No. 1).  On January 30, 2019, Allied World filed an amended complaint adding Brandon J. Lar and First Security Bank as defendants and pleading additional facts related to those defendants (Dkt. No. 27).

On February 14, 2022, the Court dismissed with prejudice Allied World's claims against Mr. Lar and First Security Bank pursuant to Federal Rule of Civil Procedure 41(a)(2), and the Court terminated Mr. Lar and First Security Bank as parties to this suit (Dkt. No. 97).  On March 9, 2022, the Court dismissed with prejudice Allied World's claims against Mr. Brooks pursuant to Federal Rule of Civil Procedure 41(a)(2), and terminated Mr. Brooks as a party to this suit (Dkt. No. 101).  On May 2, 2022, the Court adopted Allied World's notices of voluntary dismissal as to the Estate of Robert Hall and Cary Parks pursuant to Federal Rule of Civil Procedure 41(a)(1), and the Court dismissed without prejudice Allied World's claims against the Estate of Robert Hall and Cary Parks (Dkt. No. 107).

On June 6, 2022, Allied World moved for entry of default as to Susan Parks and CCM Mechanical in accordance with Federal Rule of Civil Procedure 55(a) (Dkt. Nos. 108, 109).  That same day, the Clerk of Court entered default again CCM Mechanical and Susan Parks (Dkt. Nos. 110, 111).  Allied World now moves for default judgment against CCM Mechanical and Susan Parks, jointly and severally, in the amount of $756,956.32 pursuant to Federal Rule of Civil Procedure 55(b)(1) in relation to Count I of Allied World's operative complaint sounding in breach of contract (Dkt. No. 114).

**I.      Legal Standard**

Federal Rule of Civil Procedure 55 contemplates a two-step process for the entry of default judgments.  *Fraserside IP L.L.C. v. Youngtek Sols. Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa

2011) (citation and internal quotation marks omitted).  First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk of Court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend.  *Id.*  Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule.  *Id.*  Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b).  *Id.*

The entry of a default judgment is "committed to the sound discretion of the district court." *U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993).  The entry of default judgment, however, "should be a 'rare judicial act.'"  *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir. 1977)).  "Default judgment for failure to defend is appropriate when the party's conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays.'" *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (quoting *Harre*, 983 F.2d at 130).  Due to CCM Mechanical and Susan Parks's complete failure to defend this action, the Court finds that default judgment is appropriate here.

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true."  *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010); *see also State Farm Mut. Auto. Ins. Co. v. Long*, Case No. 2:15-CV-00046-KGB, 2016 WL 11604972, at *1 (E.D. Ark. May 18, 2016) ("When moving for default judgment, a plaintiff must prove its entitlement to the amount of monetary damages requested, and the Court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain.").  However, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.*

3

(citation and internal quotation marks omitted). The court may, but need not, hold an evidentiary hearing on the issue of damages. *See Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988).

## II. Discussion

Allied World's claims are based primarily upon an Agreement of Indemnity that was executed in favor of Allied World as a condition of Allied World's issuance of surety bonds on behalf of CCM Mechanical (Dkt. No. 27).[1] Section 3.2 of the Agreement of Indemnity states:

> [A]t all times jointly and severally to exonerate, indemnify and keep indemnified, and to defend and to hold Surety harmless from and against any and all liability for any and all Loss, and in such connection, Indemnitors will pay Surety for all Losses specified or otherwise described in Surety's notice, no later than close of business on the Due Date with respect to such notice, whether or not surety has actually made any payment thereon as of such Due Date.

(Dkt. No. 27, at 23). The Agreement of Indemnity defines "Loss" as follows:

> [T]he underlying dollar amount of all Claims and of all damages, expenses, costs, professional and consulting fees (including all legal fees and disbursements), interest and expenses of every nature (including premium and fees due-but-unpaid for the issuance and continuance of the Bonds) which Surety sustains or incurs or becomes liable for by reason of (a) being requested to execute or procure the execution of any Bond; or (b) having executed or procured the execution of any Bond; or (c) the administration of any amendment, waiver or supplement to any Bond; or (d) any Indemnitor's failure to perform or comply with any of the covenants and conditions of this Agreement; or (e) enforcement of, attempted enforcement of, or preservation of rights under any Bond or this Agreement.

(Dkt. No. 27, at 22).

Allied World moves for default judgment under Count I of its operative complaint (Dkt. No. 114). In Count I, Allied World seeks indemnity for the "Loss" Allied World has sustained by

---

[1] Allied World represents, and this Court agrees, that the indemnity provisions of the Agreement of Indemnity are valid and enforceable under New York law, which governs the validity and enforcement of the Agreement of Indemnity in this diversity action (Dkt. No. 114, ¶3 (citing Dkt. No. 27, at 29 ("This Agreement will be governed by and construed in accordance with the law of the State of New York without regard to conflict of law principles"))).

reason of: (1) having executed surety bonds on behalf of CMM Mechanical; (2) CCM Mechanical and Susan Parks's failure to perform or comply with the covenants/conditions of the Indemnity Agreement; and (3) enforcing Allied Worlds rights under the End of the Agreement (*Id.*, ¶ 2).

Allied Word submits that, to date, its "Loss" totals $756,956.32 and can be summarized as follows:

| Losses | $588,725.11 |
| Recoveries | $22,500 |
| Net Losses | $22,500 |
| Expenses | $190,731,21 |
| **Total** | **$756,956.32** |

(*Id.*).[2] Allied World submits that it paid/incurred each component of its "Loss" in the honest belief that Allied World was liable for such payment and/or that such payment was necessary or expedient under the circumstances (*Id.*, ¶ 5). Allied World supports its motion with the declaration of Daniel Hurrelbrink, Senior Specialist, Surety Claims for Crum & Forster (Dkt. No. 114-1). Pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, Allied World asks that the Court enter default judgment against CCM Mechanical and Susan Parks, jointly and severally, in the amount of $756,956.32 (Dkt. No. 114, ¶ 7).

---

[2] The Court does not understand the Agreement of Indemnity to contain a specific provision for prejudgment interest, although the Court acknowledges that the term interest is defined by the Agreement of Indemnity (Dkt. No. 27, at 22). It is not clear to the Court from Allied World's motion whether prejudgment interest has been accounted for by Allied World in the losses or expenses included in the requested total loss amount (Dkt. Nos. 114; 114-1). Further, the Court does not understand in its motion Allied World to seek from this Court prejudgment interest as a separate category of loss (*Id.*). As a result, the Court does not address prejudgment interest as a separate category of loss in this Order.

## IV.     Conclusion

For the foregoing reasons, the Court grants Allied World's motion for default judgment against CCM Mechanical and Susan Parks on Count I of the operative complaint (Dkt. No. 114). The Court dismisses without prejudice Allied World's remaining claims as to CCM Mechanical and Susan Parks. Default judgment against CCM Mechanical and Susan Parks, jointly and severally, in the total loss amount will be entered accordingly.

It is so ordered this 27th day of September, 2022.

_____
Kristine G. Baker
United States District Judge